# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL ERIC TILLERY, JR.,** ) | |
| Petitioner, ) | Civil Action No. 7:19-cv-00761 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **J.C. STREEVAL,** ) | By: Michael F. Urbanski |
| Respondent. ) | Chief United States District Judge |

## MEMORANDUM OPINION

On November 14, 2019, petitioner Michael Eric Tillery, Jr., proceeding pro se, filed a petition for relief pursuant to 28 U.S.C. § 2241, alleging that he was deprived of good time credits without due process following a prison disciplinary hearing. On May 13, 2020, respondent J.C. Streeval[1] filed a request for dismissal and in the alternative for summary judgment, with accompanying exhibit and attachments. ECF Nos. 8, 8-1. Tillery did not respond to the motion. For the reasons stated below, the court **GRANTS** the request to dismiss or for summary judgment and **DISMISSES** Tillery's motion for relief under 28 U.S.C. § 2241.[2]

## BACKGROUND

---

[1] Warden J.C. Streeval has been substituted for Acting Warden D. Lue as respondent in this matter. See Fed. R. Civ. P. 25(d) (allowing substitution of parties for public officers named as parties in an action).

[2] Respondent has also filed a motion to dismiss for lack of prosecution. The court denies that motion as moot.

Tillery was incarcerated at United States Penitentiary (USP), Lee in Jonesville, Virginia, at the time he filed the petition.³ He complains about procedures in a disciplinary hearing which took place at Federal Correctional Complex (FCC) Hazelton, West Virginia, that resulted in the loss of good conduct time (GCT).

In Incident Report (IR) No. 3210968, Tillery was charged with possession of a weapon. ECF No. 8-1 at 20. On January 9, 2019, Tillery submitted a "cop out" to the unit officer, stating that he was in possession of a weapon because he was in fear for his safety. Id. The reporting officer reported to the unit in which Tillery was housed and to the cell Tillery occupied. Id. Tillery was removed from the cell and told the officer that the homemade weapon was located in the waistband of his pants. Id. The officer recovered the weapon during a pat search of Tillery. Id. The homemade weapon was made of plastic, was sharpened to a point at one end, and was approximately six inches long. Id.

An investigation followed. Id. at 21. A copy of the IR was delivered to Tillery, and he was advised of his right to remain silent. Id. at 20–21. Tillery was informed that an adverse inference may be drawn from that silence. Id. at 21. He was further advised that silence alone could not be used to support a finding that he had committed a prohibited act. Id. Tillery's only statement to the investigating officer was "No comment." Id. The investigator found that the charge was appropriate and warranted based on the information in the IR, supporting documentation from staff, and Tillery's statement. Id.

---

³ Tillery has since been transferred, but he was incarcerated at USP Lee, which is within this judicial district, when he filed the petition. Therefore, the court retains jurisdiction over it.

The IR charging Tillery with possession of a weapon was reviewed by the Unit Disciplinary Committee (UDC) on January 13, 2019. Id. at 20. Tillery again declined to make a statement. Id. The UDC referred the matter to a disciplinary hearing officer (DHO) for further hearing because the potential sanctions were greater than could be imposed by the UDC. Id.

A hearing before the DHO was held on January 16, 2019. Id. at 14. As noted above, Tillery had received a copy of the IR a week prior to the hearing. Id. at 14, 20. He also received a rights form, informing him of his rights during the DHO hearing, and a notice of the upcoming DHO hearing, both of which Tillery signed, on January 13, 2019. Id. at 26, 28. The DHO reviewed Tillery's rights with him and confirmed that he understood his rights at the beginning of the hearing. Id. at 15. Tillery waived a staff member and witnesses and had no documentary evidence to present. Id. at 14-15. The DHO read the reporting officer's description of the incident, and Tillery stated that "[t]he report is true." Id. at 15.

The DHO found that Tillery committed the prohibited act of possession of a weapon. Id. The DHO considered the IR, the photograph of the weapon and supporting documentation, the "cop out" form Tillery submitted to the unit officer, and Tillery's admission during the hearing. Id. The DHO considered Tillery's admission and found no reason to disbelieve it, but he gave the greater weight of the evidence to the reporting officer's written report. Id.

The DHO sanctioned Tillery to disallowance of forty days of GCT, sixty days of disciplinary segregation (suspended), and loss of commissary privileges for 180 days. Id. at 16. The DHO thoroughly explained his rationale for the sanctions imposed. Id. The DHO's

report was issued on January 24, 2019.  Id.  The DHO report reflects that it was delivered to Tillery on February 6, 2019, and that a re-issued copy of the report was delivered to him on February 20, 2020.  Id.

Tillery asserts that following the hearing he submitted an inmate request to staff dated February 8, 2019, requesting a written statement of the evidence relied on and reasons for the disciplinary action.  ECF No. 1 at 3.  According to Tillery, as of the date of the filing of the petition, he had not received a copy of the DHO report or a response to his request.  Id.  Next, Tillery asserts that the DHO did not allow him to present documentary evidence.  Id. at 5.  Tillery further alleges that the administrative record does not support the decision and disposition reached by the DHO.  Id.

In his petition brought pursuant to 28 U.S.C. § 2241, Tillery claims that his due process rights were violated in the disciplinary hearing proceedings.  Id. at 1, 4–5.  He seeks expungement of his disciplinary record and reinstatement of his lost GCT.  Id. at 1, 6.  Respondent argues in his memorandum that Tillery failed to exhaust his administrative remedies; that Tillery received the due process afforded by Wolff v. McDonnell, 418 U.S. 539 (1974); and that the DHO's decision is supported by sufficient evidence.  ECF No. 8 at 7-12.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Although § 2241 does not contain a statutory exhaustion requirement, courts require petitioners to exhaust their administrative remedies prior to bringing a habeas corpus cause of action.  McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004).  The exhaustion requirement gives prison officials an opportunity to develop a factual record and provides prisons "an

opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204 (2007). Failure to exhaust may be excused only on a showing of cause and prejudice. McClung, 90 F. App'x at 445 (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)).

The BOP administrative remedy program is set out at 28 C.F.R. § 542.10 – 542.19. Inmates are directed to first attempt informal resolution of an issue to staff, and each warden establishes procedures for the informal resolution of complaints. 28 C.F.R. § 542.13. If an inmate is not satisfied with the response he receives from his attempt at informal resolution, he may file an administrative remedy request. Id. The deadline for completion of informal resolution and submission of a formal administrative remedy request is twenty days following the date on which the basis for the request occurred. 28 C.F.R. §542.14(a).

Administrative remedy requests involving issues other than DHO hearings are submitted to the institution staff member designated to receive such requests. 28 C.F.R. § 542.14(c)(4). Appeals of DHO decisions are submitted initially to the Regional Director for the region where the inmate is located. 28 C.F.R. § 542.14(d)(2). An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. Appeals to the Regional Director are made on BP-10 forms and appeals to the General Counsel are made on BP-11 forms. 28 C.F.R. § 542.15(b)(1).

In his petition, Tillery states that "[t]he DHO's failure to issue and provide Petitioner with a copy of his decision and disposition following the DHO hearing has cause[d] or

prevented him from challenging his hearing through the administrative remedy process." ECF No. 1 at.4–5. Respondent Streeval, in support of his request for dismissal or summary judgment, submitted a declaration from Aundria Bentley, a case manager for USP Lee, who stated that she had reviewed BOP files and there was no indication that Tillery had filed any administrative remedy requests with respect to IR No. 3210968. See Decl. of Aundria Bentley, ECF No. 8-1 at 4. According to Bentley, Tillery has filed just two administrative remedies during his incarceration, neither of which related to IR 3210968. Id. Therefore, Tillery failed to exhaust his administrative remedies as to IR 3210968. Id.

As noted above, Tillery did not file a reply to respondent's motion, despite being given the opportunity to do so. ECF No. 12. Because Tillery did not dispute Bentley's declaration that he failed to exhaust his administrative remedies, the court finds that the claims are unexhausted. See Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion[.]"); see also ECF No. 8-1 at 4.

In addition, the court notes that, according to Bentley, after BOP officials discovered that documents, including the original DHO report, were missing from Tillery's central file, a new copy was requested from the DHO who conducted the hearing. ECF No. 8-1 at 3. That copy, which is attached to the Bentley Declaration, reflects that Tillery received his DHO report on February 6, 2019. Id.; see also id. at 16. Bentley states that BOP records also indicate that Tillery received a copy of the DHO report on February 6, 2019. Id. at 3. Nonetheless, in order to ensure that his central file was complete, Tillery received a new copy of the DHO

report on February 20, 2020. Thus, even if Tillery did not receive the DHO report after the hearing, he has received it now and has had ample time to exhaust his administrative remedies and so inform the court.[4] Accordingly, the court finds that Tillery has not exhausted his administrative remedies and **DISMISSES** his case for failure to exhaust.

## II. Merits

Respondent Streeval argues in the alternative that Tillery received due process during the disciplinary hearing proceedings and is not entitled to habeas corpus relief. Resp. Mem. at 9–11. In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process and acknowledged that under certain circumstances a state may create liberty interests which are protected by the Due Process Clause. Id. at 483-84 (citing Wolff v. McDonnell, 418 U.S. 539 (1974), and Meachum v. Fano, 427 U.S. 215 (1976)). However, the interests generally are limited to those which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Tillery lost forty days of GCT as a result of the infraction, and it is well-established that inmates have a liberty interest in the forfeiture of vested good time credits. Batra v. Smith, No. 3:13CV787, 2016 WL 4249494, at *2 (E.D. Va. Aug. 9, 2016) (citing Henson v. United States Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000)); Downs v. Gill, No. DKC-10-964,

---

[4] The time limits noted above may be extended when an inmate demonstrates a valid reason for the delay. 28 C.F.R. § 542.15(a); see also id. § 542.15(b) (listing possible reasons for delay).

2011 WL 1457757, at *3 (D. Md. Apr. 15, 2011) (citing Henson, 213 F.3d at 898). Thus, GCT can only be taken from a prisoner in a manner that comports with due process.

The Supreme Court described the process due a prisoner accused of a disciplinary infraction in Wolff as follows: (1) He must receive written notice of the charges; (2) He must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) There must be a written statement by the fact finder as to the evidence relied on and reasons for the decision. 418 U.S. at 564, 566.

Tillery received written notice of the charges and was afforded the opportunity to present witnesses and evidence. ECF No. 8-1 at 20, 26, 28. He acknowledged that he understood his rights before the DHO. Id. at 15. The DHO made a written record noting the evidence relied on to find petitioner guilty and the reasons for the sanctions imposed. Id. at 15–16.

Further, even if Tillery did not receive the DHO report immediately after the hearing, he was advised of his appeal rights, id. at 16, and, in any event, he received a duplicate copy on February 20, 2020, see id. at 3, 16. Therefore, Tillery was not prejudiced by any delay in receipt of the report. See Williams v. O'Brien, No. 7:08cv00424, 2008 WL 2943146, at *2 n.4 (W.D. Va. July 30, 2008) (noting that late delivery of DHO report to inmate did not affect right to appeal DHO decision where he had an opportunity to show that delay was not his fault); see also Orozco v. Breckon, No. 7:19cv00040, 2020 WL 1542094, at *2 (W.D. Va. Mar. 31, 2020) ("It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." (quoting Consolidation Coal Co. v. Borda, 171

F.3d 175, 183 (4th Cir. 1999)). Thus, it appears that Tillery received the process he was due in accordance with Wolff.

Tillery also alleges that "the DHO failed to allow or give Petitioner an opportunity to present documentary evidence on his own behalf." ECF No. 1 at 5. Specifically, Tillery states that he wished to present a written statement that the reporting officer fabricated the IR and also to request that the video surveillance be preserved and reviewed because the reporting officer did not retrieve a knife from him. Id. Tillery provides no evidence to support his allegation, however, and there is no evidence in the record that Tillery made such a request. See Moses v. Bledsoe, No. 1:03CV149, 2004 WL 3317657, at *9 (N.D. W. Va. Sept. 28, 2004) (finding that petitioner provided vague unsupported allegations and assertions).

Moreover, the record contradicts Tillery's unsupported assertions. The DHO confirmed at the outset of the hearing that Tillery understood his rights, including the right to present witnesses and evidence. ECF No. 8-1 at 15. During the DHO hearing, Tillery was given an opportunity to speak, which he did, and to present evidence and/or witnesses, which he did not. Id. Nor did Tillery claim that the IR was a fabrication during the investigation or UDC hearing. Id. at 20–21.

Tillery also asserts that the administrative record does not support the DHO's decision and disposition. ECF No. 1 at 5. According to Tillery, "[t]here is absolutely no evidence of a home-made weapon in the record nor [sic] the reporting officer's statement (IR)." Id. However, it is not the job of the courts to assess the weight of the evidence when reviewing a prison disciplinary hearing, but only to determine whether the guilty finding has support of some facts or any evidence at all. Tyler v. Hooks, 945 F.3d 159, 170 (4th Cir. 2019) (citing

9

Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985)). "As long as a hearing officer's decision is supported by some evidence and the requirements of Wolff have been met, the decision cannot be disturbed on judicial review." Massengale v. Streeval, No. 7:19cv543, 2020 WL 4227559, at *4 (W.D. Va. July 23, 2020). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56; see also Tyler, 945 F.3d at 170 (quoting Hill, 472 U.S. at 455-56).[5]

Here, the DHO relied on the IR, the photograph of the weapon, and Tillery's admission in concluding that the greater weight of the evidence supported a finding that Tillery committed the prohibited act of possession of a weapon. ECF No. 8-1 at 15. The DHO stated:

> The DHO considered your admission but gives the greater weight of the evidence to Lt. Argir's written report. It is reported you submitted a cop out to the unit officer that you were in possession of a weapon because you feared for your safety. Lt. Argir reports he arrived at your unit, removed you from your cell, and conducted a pat down search of your person. It is reported that during the search a homemade weapon was located in your waist area. It is reported and supported by photographic evidence that the weapon was made of plastic, sharpened to a point on one end, and approximately 6 inches long.

Id.; see also Williams, 2008 WL 2943146, at *2 (noting that "[f]ederal courts will not review the accuracy of a disciplinary committee's finding[s] of fact" unless "they are unsupported by any evidence or are wholly arbitrary and capricious," and finding that petitioner had "failed to

---

[5] BOP regulations state that: "The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence." Moses, 2004 WL 3317657, at *9; see also Smith v. Bureau of Prisons, No. 7:03CV00662, 2004 WL 3397938, at *2 (W.D. Va. Oct. 22, 2004) (noting that "greater weight of the evidence" is "the standard employed in prison disciplinary hearings when conflicting evidence is presented"), aff'd, 128 F. App'x 342 (4th Cir. 2005); 28 C.F.R. § 541.8(f) ("The DHO's decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence.").

10

make any such showing sufficient to displace the DHO's findings of fact"). Here, the DHO's finding is neither unsupported nor arbitrary and capricious.

Therefore, the court **GRANTS** respondent's request for dismissal and in the alternative for summary judgment and **DISMISSES** the petition.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** respondent Streeval's request to dismiss and in the alternative for summary judgment, ECF No. 8, and **DISMISSES** Tillery's motion for relief under 28 U.S.C. § 2241. The court **DENIES** respondent's motion to dismiss for failure to prosecute (ECF No. 15) as moot.

An appropriate Order will be entered.

Entered: April 7, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.04.07 09:57:22
-04'00'

Michael F. Urbanski
Chief United States District Judge